UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JOSE DE JESUS SANCHEZ,<br><br>        Defendant. | CASE NO. 14-CR-51 (MJD/TNL)<br><br><br>**REPORT & RECOMMENDATION** |

Manda M. Sertich and Clifford B. Wardlaw, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government; and

Daniel S. Le, **Le Law Group**, 333 Washington Avenue North, Suite 415, Minneapolis, MN 55401, for Defendant.

This matter is before the Court, Magistrate Judge Tony N. Leung, on Defendant Jose De Jesus Sanchez's Motion to Dismiss (ECF No. 35), Motion to Suppress Searched and Seized Evidence (ECF No. 20), and Motion to Suppress Eyewitness Identification (ECF No. 21). Defendant is charged with illegal re-entry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and 6 U.S.C. §§ 202 and 557.

The Court heard oral argument on Defendant's motions. (*See* ECF No. 41.) Daniel S. Le represented Defendant. Clifford B. Wardlaw represented the Government. Based on oral argument, and all the files, records and proceedings herein, the Court will deny the motions.

1

I.   **MOTION TO DISMISS**

Defendant has moved to dismiss the indictment for lack of jurisdiction by attempting to attack collaterally his 2010 deportation order under 8 U.S.C. § 1326(d). Specifically, Defendant argues that he was denied due process in his underlying deportation proceeding because the immigration judge failed to advise him of his eligibility for relief.

"Due process requires that 'a collateral challenge to the use of a deportation proceeding as an element of a criminal offense . . . be permitted where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review.'" *United States v. Martinez-Amaya*, 67 F.3d 678, 681 (1995) (quoting *United States v. Mendoza-Lopez*, 481 U.S. 828, 838 (1987)). The law in the Eighth Circuit "places the burden of proof on an alien seeking to collaterally attack the prior deportation to prove both (1) a due process defect in the prior deportation proceeding, and (2) actual prejudice." *Id.* (citing *United States v. Santos-Vanegas*, 878 F.2d 247, 250-51 (8th Cir. 1989); *United States v. Polanco-Gomez*, 841 F.2d 235, 236-37 (8th Cir. 1988)). "Actual prejudice exists where defects in the deportation proceeding may well have resulted in a deportation that would not otherwise have occurred." *United States v. Rodriguez*, 420 F.3d 831, 834 (8th Cir. 2005).

Under 8 U.S.C. § 1326(d), an alien may not challenge the validity of the underlying deportation unless he demonstrates that: (1) he exhausted any administrative remedies that may have been available to seek relief against the deportation order; (2) the deportation proceedings at which the order was issued improperly deprived him of the

2

opportunity for judicial review; and (3) the entry of the order was fundamentally unfair. An alien cannot collaterally attack an underlying deportation order if he validly waived his right to appeal that order. *United States v. Arrieta*, 224 F.3d 1076, 1079 (8th Cir. 2000).

Defendant asserts that "the immigration judge did not help [Defendant] on legal avenues for relief that were not apparent to him," and that this fundamental flaw deprived Defendant of his due process rights and absolves him from having to exhaust his administrative remedies. (Mem. in Supp. at 6, ECF No. 40.) Defendant argues that the immigration judge should have informed him that his 2007 conviction for felony assault does not meet the statutory definition of an "Aggravated Felony – Crime of Violence" under § 1101(a)(43)(F) because his sentence was not for "at least one year."

This argument is unavailing. "At common law, indeterminate sentences were understood to be sentences for the maximum term for which the defendant might be imprisoned." *United States v. Rodriquez-Arreola*, 313 F.3d 1064, 1066 (8th Cir. 2002) (quotation omitted). In applying this principle to length-of-sentencing questions, courts read the phrase "term of imprisonment imposed" to mean the upper end of an indeterminate sentence. *See id.* at 1066-67 (citing *Bovkun v. Ashcroft*, 283 F.3d 166, 170-71 (3d Cir. 2002); *United States v. Chavez-Valenzuela*, 170 F.3d 1038, 1040 (10th Cir. 1999); *United States v. Galicia-Delgado*, 130 F.3d 518, 520-22 (2d Cir. 1997); and *United States v. Quinonez-Terrazas*, 86 F.3d 382, 383 (5th Cir. 1996)). "[T]he sentencing commission expressly adopted this interpretation of an indeterminate sentence in the criminal history chapter of the Guidelines." *Id.* at 1067; *see also* U.S.S.G. § 4A1.2(b)

3

(defining a "sentence of imprisonment" to mean the "maximum sentence imposed"). Defendant was committed to the commissioner of Corrections for 15 months with a minimum incarceration period of 10 months and a maximum supervised release period of 5 months. (Def. Ex. A.) Thus, Defendant's period of incarceration for his felony conviction was to be as long as 15 months. Applying the above principle, the "sentence imposed" on Defendant by the Minnesota state court was 15 months. Therefore, the Court determines that Defendant's underlying felony meets the statutory definition of "Aggravated Felony – Crime of Violence" under § 1101(a)(43)(F).

Defendant further argues that the fundamental prejudice of his deportation proceedings excuses him from being required to exhaust administrative remedies. This argument is similarly unsuccessful. First, Defendant has put forth no evidence from which this Court could conclude that any defect in the deportation proceedings existed, let alone that such a defect rose to the level of a due process violation resulting in actual prejudice. *See*, *e.g.*, *Santos-Vargas*, 878 F.2d at 251 (defendant satisfied his burden by showing that he might not have been deported under proper standard of review for asylum request); *Mendoza-Lopez*, 841 F.2d at 237 (defendants satisfied their burden by showing that their deportation hearing would have been materially different if they had received adequate notice). Indeed, the evidence on the record shows that a final administrative removal order issued on January 8, 2010, and Defendant waived his right to appeal. (Gov't Ex. 1, ECF No. 45-1.)

Defendant also fails to show that the deportation proceedings deprived him of an opportunity for judicial review. Because Defendant's underlying felony is an

4

"Aggravated Felony – Crime of Violence" under § 1101(a)(43)(F), the immigration judge cannot have been required to tell him that it was not. Moreover, Defendant was served with the January 8, 2010 removal order and he waived any appeal of that order. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (8th Cir. 2000) (valid waiver of a right to appeal prevents alien from collaterally attacking an underlying deportation order). To the extent that Defendant argues his waiver was invalid, he has not met his burden of proof. *See Martinez-Amaya*, 67 F.3d at 681. There is nothing in the record to suggest that Defendant's waiver was not knowing, intelligent and voluntary. Accordingly, Defendant's motion to dismiss must be denied.

## II. MOTIONS TO SUPPRESS

Defendant also moves to suppress both (1) evidence obtained as a result of search and seizure (ECF No. 20), and (2) eyewitness identifications (ECF No. 21). Defendant's submissions, however, fail to reveal the circumstances surrounding any search and seizure or any eyewitness identifications that the Government might use in its case-in-chief. Moreover, the Government represents that no search warrants were executed in this case and it is aware of no eyewitness identifications. Based on the record, the Court finds no basis upon which to recommend that any such evidence should be suppressed. *United States v. Starks*, 193 F.R.D. 624, 630 (D. Minn. 2000). Accordingly, Defendant's motions to suppress must be denied.

## III. RECOMMENDATION

Based on the foregoing and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 35),

Motion to Suppress Evidence Obtained as a Result of Search and Seizure (ECF No. 20), and Motion to Suppress Eyewitness Identifications (ECF No. 21) be **DENIED.**

| | |
|---|---|
| Date:  July 21, 2014 | s/ Tony N. Leung<br>Tony N. Leung<br>United States Magistrate Judge<br>District of Minnesota<br><br>*United States v. Jose DeJesus Sanchez*<br>File No. 14-cr-51 (MJD/TNL) |

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **August 5, 2014**.